**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2592
_____

WILLIAM F. KAETZ,
                              Appellant

v.

EDUCATIONAL CREDIT MANAGEMENT CORPORATION;
EXPERIAN; TRANSUNION; EQUIFAX

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-16-cv-09225)
District Judge: Honorable Claire C. Cecchi

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 25, 2022

Before: KRAUSE, BIBAS, and SCIRICA, Circuit Judges

(Opinion filed:  April 4, 2022)

_____

## OPINION[*]

PER CURIAM

William Kaetz, proceeding pro se, appeals orders of the United States District Court for the District of New Jersey dismissing his second amended complaint and denying his motion for reconsideration. We will affirm the judgment of the District Court.

Kaetz filed a complaint against Educational Credit Management Corporation ("ECMC"), and three credit reporting agencies, Experian, Equifax, and TransUnion (together, the "CRAs"), arising from actions taken to collect and report his student loan debt.[1] Kaetz alleged that in 2012, he filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. He listed ECMC in his petition as a creditor with claims totaling $15,835, which represented his student loans. The Bankruptcy Court granted Kaetz a discharge in 2013. Kaetz alleged that, after the discharge and completion of his bankruptcy case, ECMC used harassing telephone calls and letters to collect the debt. ECMC also informed the CRAs about his debt and the CRAs published the information on his credit report. Kaetz averred that the debt was discharged and that he disputed the debt without success.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The operative complaint is Kaetz's second amended complaint filed on November 29, 2017.

2

Kaetz claimed that the defendants violated the Fair Debt Collection Practices Act, that the CRAs violated the Fair Credit Reporting Act, and that the defendants were in civil contempt of the Bankruptcy Court's discharge order. He also raised constitutional claims challenging, among other things, the constitutionality of the Bankruptcy Code provision excepting student loan debt from discharge, 11 U.S.C. § 523(a)(8).

ECMC moved to dismiss Kaetz's second amended complaint for failure to state a claim upon which relief could be granted. Experian and Equifax filed a joint motion to dismiss, which TransUnion joined. The District Court granted the motions and dismissed Kaetz's complaint. It ruled that many of Kaetz's claims failed because their premise—that his student loan debt was discharged in his bankruptcy case—was incorrect. The District Court explained that student loan debt is presumptively nondischargeable under § 523(a)(8) and that Kaetz had not filed an adversary proceeding to determine whether his debt could be discharged.

Kaetz filed a motion for reconsideration. Relevant here, he disputed the District Court's conclusion that his student loan debts were not discharged in his bankruptcy case. He argued that he was not required to file an adversary proceeding and that he rebutted the presumption that his debt was nondischargeable by satisfying the exception in § 523(a)(8) for undue hardship. The District Court ruled that Kaetz had provided no reason justifying reconsideration of its prior decision and denied relief. It stated that Kaetz did not point to a change in law, new evidence, a clear error of law or fact, or manifest injustice, but had restated arguments he had made in opposition to the defendants' motion to dismiss. The

3

District Court reiterated that his student loan debt was not discharged in his bankruptcy case. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's order dismissing Kaetz's complaint. Finkelman v. Nat'l Football League, 810 F.3d 187, 192 (3d Cir. 2016). We review the District Court's denial of his motion for reconsideration for abuse of discretion. Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 186 (3d Cir. 2021). We review its legal determinations on reconsideration de novo and its factual findings for clear error. Id.

Kaetz primarily argues on appeal that the District Court erred in ruling that he was required to file an adversary proceeding in Bankruptcy Court to determine the dischargeability of his student loan debt. The applicable statute provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt" for certain educational loans "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). "Section 523(a)(8) renders student loan debt presumptively nondischargeable 'unless' a determination of undue hardship is made." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 277 n.13 (2010).

---

[2] The District Court granted Kaetz leave to amend one of his claims against ECMC, but Kaetz did not do so. Kaetz has stated that he stands on his second amended complaint and there is thus no issue as to our appellate jurisdiction. See Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019). We also conclude that, while the District Court did not acknowledge TransUnion's joinder in the motion to dismiss filed by Experian and Equifax, there remain no unresolved issues for resolution by the District Court. Aluminum Co. of Am. v. Beazer East, Inc., 124 F.3d 551, 557 (3d Cir. 1997).

Kaetz correctly states that §538(a)(8) does not provide that an adversary proceeding is required to determine whether student loan debt may be discharged. However, as the District Court recognized, "the Bankruptcy Rules require a party seeking to determine the dischargeability of a student loan debt to commence an adversary proceeding by serving a summons and complaint on affected creditors." Espinosa, 559 U.S. at 268–69. Kaetz contends that the Supreme Court's statement in Espinosa in this regard is dicta.[3] Regardless of whether that statement is dicta, the Bankruptcy Rules set forth the applicable procedure. See Fed. R. Bankr. P. 7001(6) (providing that adversary proceedings include "a proceeding to determine the dischargeability of a debt"); Fed. R. Bankr. P. 7001, Adv. Committee Notes (stating the rules govern procedural aspects of litigation involving matters referred to in Rule 7001); see also Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 451-52 (2004) (discussing the filing of an adversary proceeding under the Bankruptcy Rules to discharge student loan debt).

Kaetz also contends that the Bankruptcy Court's determination that he was indigent satisfied the undue hardship exception in §538(a)(8) and rebutted the presumption that his debt was nondischargeable. Even if an undue hardship determination could have been made in Kaetz's bankruptcy case outside of an adversary proceeding, a finding of indigence is not the same as an undue hardship determination under §538(a)(8). See In re Faish, 72 F.3d 298, 306 (3d Cir. 1995) (holding bankruptcy courts within the Third Circuit must apply the

---

[3] Espinosa held that a Bankruptcy Court legally erred in confirming a Chapter 13 plan that discharged student loan debt without an undue hardship finding, but that the error was not a basis for relief under Federal Rule of Civil Procedure 60(b)(4). Id. at 275-76.

undue hardship test in <u>Brunner v. New York State Higher Educational Services Corporation</u>, 831 F.2d 395 (2d Cir. 1987) (per curiam)); <u>see also</u> <u>Hood</u>, 541 U.S. at 450 ("Unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt.").

Kaetz also argues that § 523(a)(8) is unconstitutionally vague. His argument on appeal, however, is based on the fact that the statute does not direct the filing of an adversary proceeding. As discussed above, the Bankruptcy Rules address the applicable procedure. Kaetz has not established that the statute is constitutionally infirm.[4]

Kaetz has not shown that the District Court erred in dismissing his second amended complaint or in denying his motion for reconsideration. Accordingly, we will affirm the judgment of the District Court.[5]

---

[4] In his reply brief, Kaetz contends that the term "undue hardship" is unconstitutionally vague. To the extent this argument was raised below, Kaetz has forfeited it by not presenting it in his opening brief. There are no exceptional circumstances excusing the forfeiture. See <u>Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.</u>, 877 F.3d 136, 148 (3d Cir. 2017). Similarly, we do not consider Kaetz's argument that his loan should be discharged because the institution where he enrolled misrepresented the nature of its program, which was not developed in his opening brief.

[5] Kaetz's pending motions, which seek leave to file and/or amend various documents, are granted.